IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-01-21 |
| | § | |
| ELIAS RAMON ZEPEDA STURCKE, | § | |
|     Defendant-Movant. | § | |

### ORDER DENYING "MOTION FOR SENTENCE ADJUSTMENT"

On December 10, 2007, the Clerk's office received a motion from Defendant Elias Ramon Zepeda Sturcke ("Zepeda") titled as a "Motion for Sentence Adjustment," now pending before the Court and addressed herein. (D.E. 117.) In his motion, he argues that, because of his status as a deportable alien, he is ineligible for a reduction in his sentence for participation in a residential drug abuse program and that he cannot be placed in a half way house. (D.E. 117 at 1.) He claims that his ineligibility for these benefits causes his sentence to be served "under circumstances more sever [sic] than those facing citizens under similar circumstances." (Id.) Zepeda thus asks that the Court reduce his sentence by six months. He cites to a district court decision from New York for support, United States v. Restrepo, 802 F. Supp. 781 (E.D.N.Y. 1992).

As discussed herein, the Court construes his motion as a motion to reduce sentence. For the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

Zepeda was found guilty after a jury trial of conspiring to knowingly and intentionally possess with intent to distribute approximately 8 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (D.E. 67.) He was sentenced by this Court on July 16, 2001,

1

to 151 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release. (D.E. 83, 85.) The Court also imposed a $100 fine and a $100 special assessment. (D.E. 83, 85.) Judgment was entered against Zepeda on July 20, 2001. (D.E. 85.) He timely appealed, but the Fifth Circuit dismissed the appeal on August 24, 2001 for want of prosecution. (D.E. 100.)

## II. ANALYSIS

### A.    Characterization of Motion

At the outset, the Court is tasked with determining how to construe Zepeda's motion, adhering to the principle that *pro se* pleadings are to be construed liberally. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996). Notably, Zepeda is not challenging his conviction or sentence on the grounds that it was improper, nor does he assert cognizable grounds for relief under 28 U.S.C. § 2255. Instead, he is asking for a reduction in sentence based on the fact that the BOP deems him ineligible for a reduction in sentence for participation in a drug treatment program and ineligible for placement in a halfway house, because of his status as a deportable alien.

Particularly in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe Zepeda's motion as a § 2255 motion. Cf. Castro, 540 U.S. at 382-83 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). Rather than construing his motion as a § 2255 motion, then, the Court construes it as a motion to reduce sentence pursuant to 18 U.S.C. § 3582.

**B.      Motion for Reduced Sentence**

Having determined that Zepeda's motion is properly construed as a motion for reduction of sentence, it is clear that he has not stated grounds entitling him to relief.  This Court has authority to modify or  correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c).

Zepeda fails to assert grounds for modification that fall into any of the categories above.  Thus, this Court is without authority to reduce his sentence.

Moreover, his substantive claim is without merit for at least two reasons.  First, the determination as to whether an inmate is eligible for participation in the BOP's drug treatment program and any resulting reduction in sentence are wholly within the discretion of the BOP.  See 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced *by the Bureau of Prisons*, but such reduction may not be more than one year from the term the prisoner must otherwise serve") (emphasis added).  As the Supreme Court has said, § 3621(e)(2)(B) grants the *Bureau of Prisons* the discretion to determine which inmates receive the benefit of early release.

3

Lopez v. Davis, 531 U.S. 230, 240-41 (2001).  Thus, it is the BOP's policy that he is actually challenging, not his sentence.

Second, the BOP's policies on the precise issue of the drug treatment program and community-based placement being unavailable to INS detainees or deportable aliens have withstood similar challenges.  See 28 C.F.R. § 550.58; see, e.g., McLean v. Crabtree, 173 F.3d 1176, 118-85, (9th Cir. 1999) (BOP's rule prohibiting prisoners with INS detainers from receiving sentence reduction under substance abuse treatment statute does not violate due process or equal protection); Bazuaye v. Tombone, 275 F.3d 44, 2001 WL 1223857 (5th Cir. 2001) (rejecting equal protection claims and due process claims of INS detainee who was ineligible for sentence reduction for drug treatment and ineligible for community-based placement).

### III.  CONCLUSION

For the foregoing reasons, Zepeda's "Motion for Sentence Adjustment" (D.E. 117) is construed as a motion to reduce sentence under 18 U.S.C. § 3582, and is DENIED.

It is so ORDERED this 22nd day of January, 2008.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Janis Graham Jack
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge